IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § JACKIE WADE DEASON, JR., § TDCJ #02114465, BOP #50341-177, § § Defendant. § | Criminal No. 3:15-CR-416-D(1) |

MEMORANDUM OPINION
AND ORDER

Defendant Jackie Wade Deason ("Deason) requests that the court reform the judgment/sentence in his case under 18 U.S.C. § 3585(a). The court denies the request for the reasons set out in this memorandum opinion and order.

I

In 2016 Deason pleaded guilty to a one-count indictment charging him with the offense of felon in possession of a firearm. The court sentenced him to 51 months' imprisonment. The sentence pronounced orally, and reflected in the written judgment, provides that it "shall run consecutively to any sentence hereafter imposed in Case Nos. F-1172367 and F-1240584, pending in the 203rd Judicial District Court of Dallas County, Dallas, Texas." Deason now seeks to have his federal sentence run concurrently with the 5-year state sentence that he subsequently received in the two state cases: Nos. F-1172367 and F-1240584. He is presently confined in the Texas Department of Criminal Justice.

The court denies Deason's motion to reform the judgment/sentence to run his federal

sentence concurrently with the subsequently-imposed state sentences. The court lacks the authority to modify Deason's federal sentence except as permitted by law, and the court has no such authority to impose a concurrent sentence at this time as to his state cases. *See United States v. Olivares*, 713 Fed. Appx. 353, 353 (5th Cir. 2018) (per curiam) (concluding that *pro se* post-judgment motion for concurrent sentences "was an unauthorized motion that the district court lacked jurisdiction to consider" (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994) (per curiam)); *United States v. Coats*, 672 Fed. Appx. 512, 513 (5th Cir. 2017) (per curiam) (affirming denial of *pro se* motion to amend judgment to reflect that federal sentence ran concurrently with a state sentence because court lacked jurisdiction to consider the motion under (1) 18 U.S.C. § 3742 or 18 U.S.C. § 3582(c); (2) Fed. R. Crim. P. 35 or 36; (3) as a successive 28 U.S.C. § 2255 motion to vacate sentence; or (4) as seeking habeas relief under 28 U.S.C. § 2241).

Because Deason's motion was not filed by the government or made within 14 days of sentencing, it cannot be construed as a request for sentence correction or reduction under Rule 35. *See* Fed. R. Crim. P. 35; *Early*, 27 F.3d at 141. Likewise, the relief sought is not authorized by 18 U.S.C. § 3582(c)(2) because the request is not premised on an amendment to the United States Sentencing Guidelines. *See Early*, 27 F.3d at 142. Additionally, Deason does not allege sentencing errors, so the court will not construe his motion as seeking relief under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam).

Even if it is assumed that Deason is seeking habeas relief under 28 U.S.C. § 2241 to

challenge the manner in which his federal sentence is to be executed, the court lacks jurisdiction over his motion. This is so because Deason is presently incarcerated in Livingston, Texas, which is located in the Eastern District of Texas. Any § 2241 habeas petition must be brought in the district in which Deason is confined. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (holding that court lacked jurisdiction over § 2241 petition because petitioner was not incarcerated within that district, and remanding the case with instructions to dismiss without prejudice). The court therefore denies Deason's August 16, 2021 request that the court reform the judgment/sentence in his case under 18 U.S.C. § 3585(a).

II

The clerk is directed to open for statistical purposes a new § 2241 habeas corpus petition (nature of suit 530 directly assigned to the same District Judge and Magistrate Judge as in the criminal case), and to close the same on the basis of this memorandum opinion and order.

**SO ORDERED**.

September 2, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE